**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS LANGER,<br><br>                    Plaintiff,<br><br>       v.<br><br>JEFF A. KACHA, in his individual and representative capacity as trustee of the Kacha Family Trust, *et al.*,<br><br>                    Defendants. | Case No. 14-cv-2610-BAS(KSC)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>**[ECF No. 32]** |

  On November 3, 2014, Plaintiff commenced this Americans with Disabilities Act ("ADA") action against Defendants for alleged ADA violations related to parking availability at the Hob Nob Restaurant. On February 10, 2016, the Court granted Defendants' motion to dismiss as to Plaintiff's ADA claim because it lacked subject matter jurisdiction. The Court also dismissed all of the state-law claims because it lacked the discretionary power to exercise supplemental jurisdiction.

//

//

Defendants now move for attorneys' fees under California's Disabled Persons Act, California Civil Code § 55, or, in the alternative, as a sanction under 28 U.S.C. § 1927 and Federal Rules of Civil Procedure 11 and 26(g). Plaintiff opposes. For the following reasons, the Court **DENIES** Defendants' motion.

I. ANALYSIS[1]

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

"The standard for determining the propriety of Rule 11 sanctions is one of objective reasonableness for determinations of frivolousness as well as of improper purpose." *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992) (citing *Woodrum v. Woodward Cnty., Okla.*, 866 F.2d 1121, 1127 (9th Cir. 1989)). Courts are cautioned that sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Id.* "When the sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees. Recovery should never exceed those expenses

---

[1] Defendants state that they "concede that Plaintiff may have artfully limited his prayer here to free him from any risk that he might have to face an attorney fee claim under Civil Code § 55." (Defs.' Reply 3:6-22.) That appears to mean that they have abandoned their argument that they are entitled to attorneys' fees under California Civil Code § 55. In the event that the Court has misinterpreted Defendants' position, it finds that Defendants are not entitled to attorneys' fees under California Civil Code § 55 because the merits of the state-law claims—including any claim arising from California's Disabled Persons Act—were not litigated by this Court.

and fees that were reasonably necessary to resist the offending action." *In re Matter of Yagman*, 796 F.2d 1165, 1184-85 (9th Cir. 1986).

Under 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (quoting *New Alaska Dev. Corp v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *New Alaska*, 869 F.2d at 1306. "Tactics undertaken with the intent to increase expenses or delay may also support a finding of bad faith." *Id.* (internal citations omitted).

A court's "inherent powers [to assess sanctions] must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S 32, 44 (1991). This power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962)). A court may assess attorney's fees as a sanction "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink*, 239 F.3d at 992 (citing *Chambers*, 501 U.S. at 45-46 & n.10). To justify sanctions under a district court's inherent authority, the court must find that a party or lawyer acted in bad faith, or at least engaged in "conduct tantamount to bad faith," which can include "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 993-94; *accord Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001).

Defendants contend that "there is ample evidence to support a finding that

1 Plaintiff engaged in bad faith by failing to investigate his claims and making false
2 allegations in his Complaint and subsequent pleadings, that he was improperly
3 motivated by a desire for attorney fees rather than a vindication of any rights, and
4 that he recklessly and repeatedly disregarded his duty owed to the Court by failing to
5 comply with his discovery obligations and misrepresenting his right to present
6 witnesses and documents at trial." (Defs.' Reply 4:23-5:6.) Based on these
7 considerations, Defendants argue that "all the fees incurred should be awarded as a
8 sanction since they were incurred after Plaintiff failed to reasonably investigate his
9 claims and included false allegations in his Complaint." (*Id.* at 5:7-16.) Though
10 Defendants' frustration is understandable, the Court finds the circumstances
11 described does not rise to the level of sanctionable conduct.

12      Defendants direct the Court to several events they contend demonstrate
13 sanctionable conduct: (1) Plaintiff's failure to reasonably investigate his claims; (2)
14 Plaintiff's false allegations in the complaint; (3) Plaintiff's rejection of repeated
15 settlement offers; (4) Plaintiff's "substantial discovery" which revealed no
16 information that demonstrated standing; and (5) Plaintiff's discovery infractions.
17 (Defs.' Mot. 5:14-9:26.) All of these occurrences present a challenge to anyone
18 defending a lawsuit. And with the court-ordered dismissal of this action, certainly
19 Defendants feel some level of vindication. However, the circumstances described do
20 not convincingly establish bad faith, clear frivolousness, or an improper purpose. The
21 level of intent needed for the Court to find sanctionable conduct is simply not present.
22 As a result, Defendants fail to demonstrate that imposing sanctions is warranted.

23      Consequently, in exercising its discretion, the Court declines to impose a
24 sanction on Plaintiff under Rule 11, § 1927, or its inherent powers in the form of
25 attorneys' fees. *See Chambers*, 501 U.S at 44; *Trulis v. Barton*, 107 F.3d 685, 694
26 (9th Cir. 1995); *Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1488 (9th Cir. 1995)
27 (noting that district courts have "wide discretion in determining whether Rule 11
28 sanctions are appropriate").

## II. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendants' motion for attorneys' fees. (ECF No. 32.)

**IT IS SO ORDERED.**

**DATED:** September 2, 2016

Hon. Cynthia Bashant
United States District Judge